LAWRENCE CO. (POLLOCK v.). See Case No. 11,255.

LAWRY (BURRILL v.). See Case No. 2,-199.

LAWRY (FOGG v.). See Case No. 4.897.

LAWS (UNITED STATES v.). See Case No. 15,579.

## Case No. 8,149.

In re LAWSON.

[2 N. B. R. 54 (Quarto, 19).] [1]

District Court, D. Maryland. 1868.

BANKRUPTCY—EXEMPTION — MONEY IN HANDS OF ASSIGNEE.

An assignee has no right, where bankrupt's property has been seized and sold under execution and distress for rent, to allow money, the proceeds of debts due to the bankrupt, for the purpose of making good the property that would have been exempted had it not been sold.

[Disapproved in Re Hay, Case No. 6,253.]

By B. J. M. HURLEY, Register:

I, the undersigned, having been designated by the court as the register in bankruptcy, before whom the proceedings in the above matter of the bankruptcy of James H. Lawson are to be had, do hereby certify that in the due course of such proceedings the following question, pertinent to the same, arose, and was stated and agreed to by Francis Brengle, assignee, and James H. Lawson, bankrupt. "Where the bankrupt's property has been seized and sold under execution and distress for rent, leaving him nothing to claim as exempted property under the fourteenth section of the bankrupt act [of 1867 (14 Stat. 522)], and the bankrupt having books with a large amount of debts due and owing to him, can the assignee allow him any money to make good the property that would have been exempted had they not been sold?" The facts in

---

[1] [Reprinted by permission.]

the case are these: The bankrupt was carrying on a mill, and failed, and his household and his kitchen furniture, together with his stock were seized under execution and distress for rent, and left him without anything in the shape of property excepting his books. On the day of sale he took the oath and filed a petition in bankruptcy. The petition did not reach the clerk of the court until two days after the sale. I am of the opinion that the assignee can only allow the bankrupt one hundred dollars in money, by the laws of the state of Maryland, which amount is exempted from any levy and sale upon execution or other process. And the said parties requested that the same should be certified to your honor for your opinion thereon.

GILES, District Judge. The register in this case has certified into court the following questions: "Where the bankrupt's property has been seized and sold under execution and distress for rent, leaving him nothing to claim under the fourteenth section, and the bankrupt having books with a large amount of debts due and owing to him, can the assignee allow any money to make good the property that would have been exempted had they not been sold?" This is a most important question, and one that will frequently arise in the future administration of the bankrupt law, and I hope that an exception may be taken to the action of the assignee, that I may be able to decide it in court, with the benefit of a full argument. It has never been decided by any of the courts, so far as I can learn, and is therefore a new question.

I do not consider that under the state law that money as such is exempt. It exempts property either real or personal, to be selected in the manner specified in the law; and only provides that where the property cannot be divided so as to set apart a portion of it of the value of one hundred dollars, the whole shall be sold, and the defendant shall receive one hundred dollars out of the proceeds.

Does the bankrupt act make any different provisions? I confess there is a strong equity, in that where the bankrupt possesses no personal property of the character exempted by the act, he should have an allowance made him out of his other assets; but I cannot find in the act any language which would warrant the allowance by the assignee to the bankrupt, of money collected by such assignee from debts due the bankrupt. The only word to be found in the act that, if standing alone, might be construed to mean money, is the word "necessaries," but in the connection where it occurs, I think it means provisions and other articles of family use, such as fuel, &c., for after it is used comes the provision "but altogether not to exceed in value the sum of five hundred dollars." If the register, when he

speaks in his question of "books," means the library of the bankrupt, this is exempted by the state law.

I do not consider that in this case any allowance in money can be made by the assignee to the bankrupt, and the question is, therefore, answered in the negative.

[It was decided in this case that the attorney for the creditors is eligible to the office of assignee (Case No. 8,150), and that, upon the allegation of fraudulent preference, the creditors were entitled to trial of issue by jury (Case No. 8,151).]